CHARDON, APPELLANT, v. REGISTRAR OF PONCE, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Tax Sale Deed.

No. 479.—Decided December 23, 1920.

RECORD OF TITLE—TAX SALE—CERTIFICATE OF SALE.—In order to record in the registry of property the title of a purchaser of a property sold by an internal revenue collector for the payment of taxes, it is an indispensable requisite that the certificate of sale should express clearly the name of the real owner of the property seized and sold. To sanction the transfer of titles upon vague and conjectural statements would constitute a serious menace to the rights of all landowners.

The facts are stated in the opinion.

*Mr. Carlos F. Chardón* for the appellant.

The respondent did not appear

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A certificate issued by the Treasurer of Porto Rico recites that attached to the record of the proceeding for the collection of taxes instituted by the Treasury Department against Cristino Caliz "for A. F." is another certificate, which is

thereupon set forth verbatim and in which a deputy collector states that certain property described therein was attached and sold for taxes to Manuel Miranda. In this certified copy of the certificate last mentioned "the name of the delinquent taxpayer" is likewise given as "Cristino Caliz, for A. F."

Seven months after the Treasurer's certificate above mentioned and thirteen years after the date of the certificate, copied therein, purporting to have been issued by the deputy collector of Peñuelas, the Assistant Treasurer further certifies that the property consisting of sixty acres (*cuerdas*) of land, situate in the ward of Tallaboa Poniente of the municipal district of Peñuelas, P. R., sold at public auction on June 27, 1906, for taxes owed by Cristino Caliz, "for Antonsanti & Franceschi," and knocked down to Manuel Miranda, forms part of a property of 400 acres (*cuerdas*) of land which appeared in the name of the said "Cristino Caliz, for Antonsanti & Franceschi," and that the initials "A. F." inserted on the certificate of purchase, Attachment No. 22,365, stand for "Antonsanti & Franceschi."

These certificates were presented by Carlos Chardon, a notary, for record in the registry of property as evidence of title to property "sold for taxes owed by Cristino Caliz, representative of Antonsanti & Franceschi," which it was suggested should be segregated on the record from a remainder of 200 *cuerdas* standing in the name of Antonsanti & Franceschi after various other segregations shown by the record to have been made on previous occasions from an original tract of some 500 *cuerdas*.

The ruling appealed from reads as follows:

"Admission to record of this title is denied because the property of sixty *cuerdas*, subject thereof, does not appear of record in the name of the delinquent debtor Cristino Caliz for A. F. nor in the name of any other person. Said property cannot be considered as forming for purpose of segregation part of the property now consisting of two hundred *cuerdas* which is recorded in the name of

Antonsanti & Franceschi, a commercial firm of Guayanilla, at folio 178 of Vol. 1 of Peñuelas, property No. 28, Entry No. 21, since the certificate of the Assistant Treasurer of Porto Rico and the petition of C. F. Chardón presented for the purpose do not carry sufficient authority to warrant such a finding (*Salgado* v. *Registrar*, 26 P. R. R. 157, and *Menéndez* v. *Registrar*, 13 P. R. R. 173)."

Conceding for the sake of argument, without holding, that the facts in this case suffice to distinguish the same from those cited by the registrar, it does not necessarily follow that the ruling in question was erroneous.

There is nothing whatever in either of the certificates above mentioned to show why property belonging to Antonsanti & Franceschi should be sold for taxes owed by Cristino Caliz or by any other person. The certificate of the Assistant Treasurer issued thirteen years after the tax sale throws no new light on the matter beyond the information that the initials "A. F." mentioned in the certificate of purchase stand for "Antonsanti & Franceschi." It is not shown that this fact, if it be a fact, appears upon the record of the proceedings referred to as "Attachment No. 22,365." In any event, the registrar was not bound to accept, nor would he be justified in adopting, the mere conclusion of a notary that the delinquent taxpayer was not in fact Cristino Caliz, as stated in both certificates, but Antonsanti & Franceschi duly represented by Cristino Caliz. To sanction the transfer upon the record of titles to real estate upon such vague, conjectural and uncertain suggestions, would lead to endless confusion and would constitute a serious menace to the rights of all landowners.

We are aware of no law that authorizes the sale of the property of one citizen for the delinquent taxes of another and something beyond this should be made clearly to appear upon the face of the certificate of purchase and not be left to mere inference or as a conclusion to be arrived at by liberal construction of a doubtful, not to say meaningless,

reference to some supposed or surmised relationship between the record owner of the property sold and the delinquent taxpayer in whose name it figured on the books, records, memoranda, or other unspecified data of the Treasury Department.

The ruling appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.